**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHARLOTTE DEAN,<br><br>          Plaintiff,<br><br>v.<br><br>NOVARTIS PHARMACEUTICALS CORPORATION,<br><br>          Defendant. | No. 2:20-cv-02755-JMV-MF |

## ORDER FOR ADMISSION OF RAYMOND C. SILVERMAN *PRO HAC VICE*

**THIS MATTER** having come before the Court on the application of Plaintiff Charlotte Dean, by and through her attorney Melanie H. Muhlstock at Parker Waichman LLP, for the *pro hac vice* admission of Raymond C. Silverman ("Counsel") pursuant to Local Civil Rule 101.1(c), with consent of defendants' counsel; and the Court having considered the declarations in support of the application, which reflect that Counsel satisfies the requirements set forth in Local Civil Rule 101.1(c)(1) of the United States District Court for the District of New Jersey;

**IT IS** ON THIS  2 day of      June 2020,     

**ORDERED** that the application for the *pro hac vice* admission of Counsel is granted;

**IT IS FURTHER ORDERED** that Counsel shall abide by all rules of this Court, including all disciplinary rules, and shall notify the Court immediately of any matter affecting Counsel's standing at the bar of any court;

**IT IS FURTHER ORDERED** that Counsel is deemed to consent to the appointment of the Clerk of the Court as the agent upon whom service of process may be made for all actions against Counsel that may arise from Counsel's participation in this matter;

1

**IT IS FURTHER ORDERED** that Melanie H. Muhlstock at Parker Waichman LLP, shall (a) be attorney of record in this case in accordance with L. Civ. R. 101.1(c); (b) be served all papers in this action and such service shall be deemed sufficient upon Counsel; (c) sign (or arrange for a member of the firm admitted to practice in New Jersey to sign) all pleadings, brief, and other papers submitted to this court; and (d) be responsible for the conduct of the case and Counsel in this matter; and

**IT IS FURTHER ORDERED** that Counsel, individually, shall make payments to the New Jersey Lawyer's Fund for Client Protection, pursuant to N.J. Court Rule 1:28-2(s) and pursuant to Local Rule 101.1(c)(2), for each year in which Counsel represents the client in this matter, and that Counsel shall pay the sum of $150.00 to the Clerk of the United States District Court in accordance with Local Civil Rule 101.1(c)(3).

*[signature]*

_____

Mark Falk, Chief U.S.M.J.