**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHARLOTTE DEAN,**<br><br>       **Plaintiff,**<br><br>v.<br><br>**NOVARTIS PHARMACEUTICALS CORPORATION,**<br><br>       **Defendant.** | Civil Action No. 20-2755 (JMV)<br><br><br>**OPINION** |

**FALK, CHIEF U.S.M.J.**

This is a products liability case by Plaintiff Charlotte Dean (hereinafter, "Plaintiff") against Defendant Novartis Pharmaceuticals Corporation ("Novartis") to recover for injuries resulting from Novartis' alleged intentional failure to warn of dangerous and known risks associated with Tasigna—a Novartis-manufactured prescription medication for treatment of chronic myeloid leukemia ("CML"). Before the Court is Plaintiff's Motion to Stay pending a decision on a motion to transfer under 28 U.S.C. § 1407 by the Judicial Panel on Multidistrict Litigation ("JPML"), which if granted, will result in the transfer and MDL coordination of 19 similar federal Tasigna products liability cases currently pending in 12 federal districts. (ECF No. 38). Novartis opposes the motion. For the reasons stated below, Plaintiff's Motion to Stay is **granted**.

## BACKGROUND

Novaritis is a pharmaceutical company that manufactures the cancer drug Tasigna. (Compl. ¶ 9, ECF No. 1). Plaintiff took Tasigna from 2010 to 2014. Plaintiff alleges that Novartis failed to "adequately warn of the risks of atherosclerotic-related conditions associated with the drug," and, as a result, "suffered atherosclerotic-related injuries, including obstructive coronary artery disease" requiring "a percutaneous transluminal coronary angioplasty and stent placement." (Compl. ¶¶ 50-51.) Plaintiff filed a 3-count Complaint asserting claims for failure to warn under the Products Liability Act, N.J.S.A. 2A:58C-1, et seq., as well as claims for negligence and strict liability.

According to Plaintiff, there are 19 similar federal Tasigna products liability cases currently pending in 12 other federal district courts. Plaintiff also states that over 160 similar Tasigna products liability cases pending in New Jersey state court were recently transferred and consolidated before a single judge in New Jersey under the state's multi-county litigation rules. A motion to transfer was filed with the Judicial Panel on Multidistrict Litigation to consolidate all 20 federal Tasigna cases. Oral argument was scheduled for July 29, 2021.

Plaintiff moved to stay this case pending a decision on the transfer motion. Plaintiff states that that without a stay she will be forced to file a complicated motion to compel in this case because the collective plaintiffs "are at an impasse with [Novartis] regarding Novartis' production of what will likely be millions of corporate documents and, absent a stay, would be forced to seek court intervention immediately." (Pl's Br. at 2.) Plaintiff contends that, by contrast, if the Court grants the stay and the Panel

ultimately consolidates the federal cases, then "one federal judge will rule on these production issues . . . ." (Id.)

In opposing the motion to stay, Novarits notes that the JPML has not yet ruled on the transfer motion and that an MDL does not yet exist. Novartis contends that the parties have actively engaged in case-specific discovery, including the taking plaintiff's deposition which, according to Novartis, indicates that Plaintiff's claims lack merit. Novartis further claims that it will be prejudiced by a stay because it will prevent depositions of Plaintiff's treating physicians.  Finally, Novartis states the Plaintiff has made no explicit claim that she will suffer hardship or inequity if the Court denies the motion to stay.

**DISCUSSION**

District courts have "broad discretion to stay proceedings as an incident to [the] power to control [their] own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see also U.S. v. Breyer,* 41 F.3d 884, 893 (3d Cir.1994)(citations omitted) (""The power to stay [proceedings] is incidental to the power inherent in every court to dispose of cases so as to promote their fair and efficient adjudication."). A stay of proceedings "is particularly appropriate, and within the court's 'sound discretion,' where the outcome of another case may 'substantially affect' or 'be dispositive of the issues' in a case pending before a district court." *MEI, Inc. v. JCM Am. Corp.,* No. 09-351, 2009 WL 3335866, at *4 (D.N.J. Oct. 15, 2009) (citing *Bechtel Corp. v. Local 215, Laborers' Int'l Union of N. Am., AFL-CIO*, 544 F.2d

1207, 1215 (3d Cir. 1976)).

A stay of civil litigation is discretionary. *See, e.g., Bechtel Corp. v. Local 215 Laborers' Int'l Union of N.A.,* 544 F.2d 1207, 1215 (3d Cir.1976) ("A United States District Court has broad powers to stay proceedings."). Deciding whether to stay a case requires "an exercise of judgment, which must weigh competing interests and maintain an even balance." Landis v. North Am. Co., 299 U.S. 248, 255–56, 57 S.Ct. 163, 81 L.Ed. 153 (1936). Considerations include: the hardship to the moving party should the case proceed; the potential prejudice to the non-moving party; whether the actions involve the same or similar parties; the similarity of issues; and judicial economy. See, e.g., Ford Motor Credit v. Chiorazzo, 529 F.Supp.2d 535, 542 (D.N.J.2008); Local 478 Trucking & Allied Indus. Pen. Fund v. Jayne, 778 F.Supp. 1289, 1324 (D.N.J.1991).

Stays of a civil actions are common when the issue of transfer is before the JPML. *See, e.g., Packer v. Power Balance LLC,* No. 11-802, 2011 WL 1099001(Mar. 22, 2011 D.N.J.); *Rivers v. Walt Disney Co.*, 980 F.Supp. 1358, 1362 (C.D.Cal.1997) ("A majority of courts have concluded that it is appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL panel because of the judicial resources that would be saved."); 15 Charles A. Wright, et al., Federal Practice & Procedure § 3866.1 ("[D]istrict courts will often exercise their discretionary power to stay the proceedings before them with regard to a wide variety of matters pending a decision by the panel regarding the transfer of a case, especially when such a stay would further the policies of judicial economy, efficiency, and consistency that are deeply embedded in the federal multidistrict litigation statute.").

A stay is appropriate here. First, products liability cases involving Novartis's Tasigna are pending in 12 federal district courts. The JPML is considering transfer and coordination of these cases before the same District Judge, and a hearing had been scheduled for July 29, 2021. These cases involve similar parties and claims to those in Plaintiff's Complaint. The existence of related proceedings and consideration by the JPML of centralizing the claims weighs in favor of a stay.

Second, balancing of the parties' interest weighs in favor of a stay. A hearing on the JPML transfer and consolidation motions was scheduled on July 29, 2021, so any delay should be slight. *See Pennsylvania ex rel. Kane v. McGraw-Hill Companies, Inc.*, 2013 WL 1397434, at *5 (M.D. Pa. Apr. 5, 2013) (finding that "any delay will be relatively short" because "[t]he stay will only be in effect until the JPML issues a ruling on transferring the matter.") (citing Multidistrict Litigation Manual § 4:27 (2012 ed.)). Absent a stay, Plaintiff could be compelled to expending unnecessary time and resources independently litigating discovery matters. By contrast, Novartis has not shown any real prejudice that will result from a brief stay while the parties await a decision from the JPML. While a stay will entail a delay of depositions and impose some burden on Novartis, consolidation might ultimately result in a more streamlined approach to discovery and resolution of the individual claims asserted against it.

Third, considerations of judicial economy favor a stay. A short stay may avoid unnecessary motion practice in this Court, as a consolidation of the matters would likely result in discovery motions being disposed of by a single forum should the Panel consolidate the other federal cases. The JPML is considering whether to transfer and

centralize 20 federal Tasigna cases, including this one. It would be a waste of judicial resources for this Court to consider the merits of Plaintiff's Complaint at the same time that the JPLM is considering whether transfer and centralization is appropriate.

## CONCLUSION

For the reasons stated above, Plaintiff's motion to stay is **granted**. A separate Order will accompany this Opinion.

**Dated: August 10, 2021**

                                                    **s/Mark Falk**
                                                  **MARK FALK, Chief U.S.M.J.**